

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*                                    *973/645-2700*
*Newark, NJ 07102*

SBXOSTO/PL AGR
2006R0100

May 27, 2008

John McDonald, Esq.                    CRO7876(MLC)
McDonald & Rogers LLC
181 West High Street
Somerville, New Jersey 08876

Re:  Plea Agreement with STEPHEN PARRISH

Dear Mr. McDonald:

This letter sets forth the plea agreement between your client, STEPHEN PARRISH, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from STEPHEN PARRISH to counts 24 through 28 of the indictment, Criminal No. 07-876 (MLC), which charge tax evasion in the tax years 2001 through 2005, respectively, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2. If STEPHEN PARRISH enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against STEPHEN PARRISH for his involvement with others in a scheme to evade and defeat the payment of personal income taxes between at least as early as January 1, 2000 and in or about October 2007.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by STEPHEN PARRISH may be commenced against him, notwithstanding the expiration of the limitations period after STEPHEN PARRISH signs the agreement.

Sentencing

The violations of 26 U.S.C. § 7201 to which STEPHEN PARRISH agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon STEPHEN PARRISH is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence STEPHEN PARRISH ultimately will receive.

Further, in addition to imposing any other penalty on STEPHEN PARRISH, the sentencing judge: (1) will order STEPHEN PARRISH to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order STEPHEN PARRISH, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (3) may order STEPHEN PARRISH to pay the costs of prosecution; and (4) pursuant to 18 U.S.C. § 3583, may require STEPHEN PARRISH to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should STEPHEN PARRISH be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, STEPHEN PARRISH may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on STEPHEN PARRISH by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of STEPHEN PARRISH's activities and relevant conduct with respect to this case.

Stipulations

This Office and STEPHEN PARRISH agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or STEPHEN PARRISH from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and STEPHEN PARRISH waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not

limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against STEPHEN PARRISH. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against STEPHEN PARRISH.

Prior to the date of sentencing, STEPHEN PARRISH shall: (1) file accurate amended personal returns for calendar years 2000 through 2006, inclusive; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, STEPHEN PARRISH agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by STEPHEN PARRISH. With respect to disclosure of the criminal file to the Internal Revenue Service, STEPHEN PARRISH waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to STEPHEN PARRISH's tax returns and return information.

No Other Promises

        This agreement constitutes the plea agreement between
STEPHEN PARRISH and this Office and supersedes any previous
agreements between them.  No additional promises, agreements, or
conditions have been made or will be made unless set forth in
writing and signed by the parties.

                        Very truly yours,

                        CHRISTOPHER J. CHRISTIE
                        United States Attorney


                        By: SETH B. KOSTO
                        Assistant U.S. Attorney

APPROVED:


JUDITH H. GERMANO
Chief, Commercial Crimes Unit
Criminal Division

        I have received this letter from my attorney, John
McDonald, Esq., I have read it, and I understand it fully.  I
hereby accept the terms and conditions set forth in this letter
and acknowledge that it constitutes the plea agreement between
the parties.  I understand that no additional promises,
agreements, or conditions have been made or will be made unless
set forth in writing and signed by the parties.


AGREED AND ACCEPTED:


                                    Date:  6/10/08
STEPHEN PARRISH


                                    Date:  6/13/08
John McDonald, Esq.

                    - 5 -

Plea Agreement With STEPHEN PARRISH

Schedule A

1.   This Office and STEPHEN PARRISH recognize that the
United States Sentencing Guidelines are not binding upon the
Court.   This Office and STEPHEN PARRISH nevertheless agree to the
stipulations set forth herein, and agree that the Court should
sentence STEPHEN PARRISH within the Guidelines range that results
from the total Guidelines offense level set forth below.   This
Office and STEPHEN PARRISH further agree that neither party will
argue for the imposition of a sentence outside the Guidelines
range that results from the agreed total Guidelines offense
level.

2.   The version of the United States Sentencing
Guidelines effective November 1, 2007 applies in this case.   The
applicable guideline is U.S.S.G. § 2T4.1(G) because the tax loss
in the case was more than $200,000 but less than $400,000.   This
guideline carries a Base Offense Level of 18.

3.   As of the date of this letter, STEPHEN PARRISH has
clearly demonstrated a recognition and affirmative acceptance of
personal responsibility for the offenses charged.   Therefore, a
downward adjustment of 2 levels for acceptance of responsibility
is appropriate if STEPHEN PARRISH's acceptance of responsibility
continues through the date of sentencing.   See U.S.S.G.
§ 3E1.1(a).

4.   As of the date of this letter, STEPHEN PARRISH has
assisted authorities in the investigation or prosecution of his
own misconduct by timely notifying authorities of his intention
to enter a plea of guilty, thereby permitting the government to
avoid preparing for trial and permitting the government and the
court to allocate their resources efficiently.   If STEPHEN
PARRISH enters a plea pursuant to this agreement and qualifies
for a 2-point reduction for acceptance of responsibility pursuant
to U.S.S.G. § 3E1.1(a), and if in addition STEPHEN PARRISH's
offense level under the Guidelines prior to the operation of §
3E1.1(a) is 16 or greater, STEPHEN PARRISH will be entitled to a
further 1-point reduction in his offense level pursuant to
U.S.S.G. § 3E1.1(b).

5.   In accordance with the above, the parties agree
that the total Guidelines offense level applicable to STEPHEN
PARRISH is 15 (the "agreed total Guidelines offense level").

6. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 15 is reasonable.

7. STEPHEN PARRISH knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 15. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 15. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.